**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                               Case No. 8:00-CR-468-T-30TBM

NARGEL PAREDES,

    Defendant.
_____/

**O R D E R**

This matter is before the Court for consideration of Petitioner's Motion to Correct an Illegal Sentence Pursuant to 18 U.S.C. [§] 3582(c)(B)(2) and/or [§] 3742(a)(1)(2)(3) (Dkt. 315). For reasons set forth below, the Court finds that the arguments presented by Petitioner in support of his claim that his sentence is illegal lack merit.

Having entered a plea of guilty to a drug-related charge, Petitioner was sentenced on September 13, 2001, to serve a term of 135 months imprisonment (Dkt. 178). Petitioner's conviction became final when his petition for a writ of certiorari was denied on April 21, 2003. *See United States v. Paredes*, 538 U.S. 993 (2003). Petitioner's request for collateral relief, filed pursuant to 28 U.S.C. § 2255, was denied October 28, 2003 (Dkt. 295).

Absent very specific exceptions, once sentence is imposed and a judgment entered in a criminal case, the Court cannot unilaterally modify a sentence it has imposed. *See* 18 U.S.C. § 3582(c) (2002). The Bureau of Prisons has not filed a motion to reduce Petitioner's term of imprisonment, and Petitioner has not cited any statute which expressly permits a modification of his sentence. *See id.* Rule 35 is unavailing because more than seven days has elapsed since Petitioner's sentence was imposed, and the Government has not filed a motion for a reduction in his sentence for substantial assistance. *Id.*

The Eleventh Circuit's holding in *Varela v. United States* that the decisions in *United States v. Booker*, 543 U.S. __, 125 S.Ct. 738, 756 (Jan. 12, 2005) (finding that the mandatory nature of the federal sentencing guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial), and *Blakely v. Washington*, 542 U.S. __, 124 S.Ct. 2531, 2537 (Jun. 24, 2004), do not apply retroactively to cases on collateral review precludes the Court from granting Petitioner's request for resentencing based on these two Supreme Court decisions. *Varela v. United States*, 400 F.3d 864, 867-68 (11th Cir. 2005). Finally, Petitioner listed 18 U.S.C. § 3742 as a grounds for modifying his sentence, but § 3742 provides the grounds on which a defendant can directly appeal his sentence. *See* 18 U.S.C. § 3742(a).[1] This section does not grant jurisdiction to a district court to review a final sentence.

ACCORDINGLY, the Court **ORDERS** that the Motion to Correct an Illegal Sentence Pursuant to 18 U.S.C. [§] 3582(c)(B)(2) and/or [§] 3742(a)(1)(2)(3) (Dkt. 315) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 29, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
All Parties/Counsel of Record

SA/jsh

---

[1] Title 18 U.S.C. § 3742 provides, in pertinent part, that "[a] defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence – (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; or (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range." 18 U.S.C. § 3742(a)(1)-(3).